Gregory A. Moyer
16642 Hightop Way NW
Cass Lake, Minnesota 56633
469-543-9957
gregorymoyer1@gmail.com

RECEIVED
JAN 17 2023
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# UNITED STATES DISTRICT COURT
## for the
### District of Minnesota
### Civil Division

| | |
|---|---|
| Gregory Ashley Moyer;<br>Plaintiff, | Case No.<br>23-cv-138 JWB/LIB |
| | )<br>)<br>)<br>)<br>)<br>)<br>) Complaint for Defamation and<br>) Jury Trial Demand<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| -vs-<br>Shon Jackson, KAES Security<br>Compliance Safety and Security<br>Manager; Koch Industries, Inc;<br>Defendants, | |

SCANNED
JAN 17 2023
U.S. DISTRICT COURT MPLS

# COMPLAINT FOR DEFAMATION AND JURY DEMAND

Plaintiff Gregory Ashley Moyer, Pro Se, for his complaint alleges as follows:

## I. PARTIES TO COMPLAINT

A. **The Plaintiff(s)**

| | |
|---|---|
| Name | Gregory Ashley Moyer |
| Street Address | 16442 Hightop Way Nw. |
| City and County | Cass Lake |
| State and Zip Code | Minnesota, 56633 |
| Telephone Number | 469-543-9957 |
| E-mail Address | gregorymoyer1@gmail.com |

B. **The Defendants(s)**
   **Defendant No. 1**

| | |
|---|---|
| Name | Koch Industries, Inc |
| Job or Title | |
| Street Address | 4011 East 37th Street North |
| City and County | Wichita, Sedgwich |
| State and Zip Code | Kansas 67220 |
| Telephone Number | 316-828-5500 |

**Defendant No. 2**

| | |
|---|---|
| Name | Shon Jackson |
| Job or Title | KAES Security Compliance Safety and Security Manager |
| Street Address | 702 Ninnekah St |
| City and County | Enid, Garfield |
| State and Zip Code | Oklahoma, 73701 |
| Telephone Number | 580-758-1521 |

2

## II. JURISDICTION AND VENUE

1. This action is being filed for defamation. Pursuant to 28 U.S.C 1332, this Court has original jurisdiction over Plaintifs claims based on the parties' diversity of citizenship and because the amount in controversy exceeds $75,000.

2. Defendant Koch Industries is a multi-national corporation, headquarterd, based and incorporated in Wichita Kansas with subsidiaries in multiple states and countries. The business entities owned and controlled by Koch Industries that are known by Plaintiff to be involved in this allegation include Flint Hills Resources Pine Bend, LLC an Oil Refinery in Rosemount Minnesota and Koch Fertilizer in Enid Oklahoma.

3. Defendant Shon Jackson is a citizen of Oklahoma and an employee and/or contractor of both Flint Hills Resources Pine Bend Oil Refinery of Minnesota and Koch Fertilizer of Enid Oklahoma and Wichita Kansas.

4. The incidents that gave rise to this cause of action originated in Minnesota. The Plaintiff resides in Minnesota. Therefore, the venue is proper in the United States District Court for the District of Minnesota.

## III. STATEMENT OF FACTS

5.  Plaintiff Gregory Ashley Moyer ("Moyer") alleges:

6.  This action is being filed for defamation.

7.  On October 20th, 2022 Gregory Moyer was traveling from Minnesota to attend a civil court date in Stillwater Oklahoma. Stillwater is approximately 65 miles east of Enid, Oklahoma.

8.  From 2015-2016 Moyer worked for Koch Industries as a safety security environmental safety professional at their Enid, Oklahoma Koch Fertilizer location, Koch's largest chemical producer. This federally secure facility produces ammonium nitrate, nitric acid, and anhydrous ammonia, all federally listed chemicals that are under special watch by federal and state governments.

9.  After a sickness that put Mr. Moyer into the hospital for three weeks, Moyer was fired for unknown reasons. Due to upcoming medical appointments and for his upcoming family court dates in Oklahoma, Mr. Moyer needed his OSHA records, the medical assesment records, and his personnel file from Koch. Mr. Moyer had attempted to retrieve his personal records remotely via phone, email, and written correspondence from the Koch work site in Enid and Corporate Offices in Wichita. There is no historical foundation to allege that Moyer has been at any Koch location since his last date of work in 2016. Moyer has had no known problems with Koch Industries until he began his attempts to gain access

4

to his records. A false report by Koch and Shon Jackson was made to law enforcement shortly after Moyer last made attempts to retrieve these reports, then a false written police report (exhibit 1) was created by the Garfield County Sheriff's department. As referred throughout this complaint as, the report, the verbal and written information was provided by Koch Industries employees including Shon Jackson as well as the Garfield County Sherriff Department, and unknown agencies. The false report is believed to be in direct retaliation for Moyer's attempts to access records being held by Koch Industries.

10. Before leaving Minnesota, Mr. Moyer attempted to contact Koch via telephone one last time in order to find out from whom to gain access to the records that were owed to him and the name of a coworker Mr. Moyer was trying to locate for his personal custody trial. The local Koch office in Enid stated that the human resources department was not available and that she would take a number for a return call. Shortly thereafter, while still traveling through Minnesota, Moyer received a phone call from an employee of Koch Industries, Shon Jackson. That call was recorded (exhibit 2).

11. Jackson was an officer with the local Police Departments including the city of Enid; was a deputy with the Garfield County Sheriff's Office; and had a failed run for Sheriff of Garfield County in 2012, Mr. Moyer was familiar with Shon as they were coworkers during 2015-2016, and both shared Board of Certified

Safety Professionals' Certified Safety Professional accredidations. According to phone records, Jackson stated he was working at the Minnesota Koch refinery.

12. A conversation was held in which Jackson notified Moyer that the records were at Koch Headquarters in Wichita as well as the Human Resources (HR) personnel to make the decisions to release the information. Many of the previous HR employees in Enid had been promoted to corporate in Wichita, so Jackson told Mr. Moyer whom to call to retrieve the information.

13. According to Jackson's statement to Mr. Moyer in the phone call, Jackson was performing security inspections at the Koch Refinery in the Minneapolis area and not onsite where Jackson and Koch reported the alleged crime.

14. Mr. Moyer and his significant other traveled along their way on I-35 through Iowa, Missouri, and down to Northeastern Oklahoma on I-44 to the city of Tulsa to sleep; before traveling to Stillwater for Moyer's civil court date on the morning of October 21st, 2022 (exhibit 3)

15. Mr. Moyer went to his court hearing in Stillwater Oklahoma and the pair immediately began their 16-hour drive northeast, back to Minnesota, stopping in Northwood, Iowa for the evening of October 21st, 2022 before finishing their journey on October 22nd to their home in Cass Lake Minnesota.

16. For more than a week, Mr. Moyer was illegally placed under surveillance by the Garfield County Sheriff's Department while he was in Minnesota. Contact

through social media began with "friend requests" by Enid area law enforcement and phone calls by a woman simply asking "Is this Gregory? You've been warned." and finishing the calls without giving her name.

17. On October 31st, 2022 around 10 AM a phone call was received by someone portraying herself as Deputy Ream of the Garfield County Sheriff's Department. She informed Mr. Moyer that he had been trespassed from the Enid Koch property, saying we have video of you here, you've been warned, and ended the call. (exhibit 4)

18. Mr Moyer, being familiar with the potential implications pending, was becoming curious as to why he would have been trespassed from a facility he had not visited in years. A phone call was made to Sheriff Cory Rink, of the Garfield County Sheriff's Department to receive a copy of the supposed report. A written request from Moyer was mailed Nov. 1st 2022 to the Garfield County Sheriff's Office. Sheriff Rink provided the report via certified mail to Mr. Moyer, received the first week of December, 2022 nearly 6 weeks after making the report public. The report lists Jackson as the person making the report to law enforcement on behalf of Koch Industries, with Koch Industries being listed as the victim.

19. The report(s) made by Jackson and Koch were false; directly identifying Moyer as having been at the Enid Oklahoma Koch facility in the very early

morning hours of October 22, 2022. Defendants claimed Moyer was acting erratically, was searching for a hospital, had attempted to gain access to the facility and was using a vehicle to tailgate another vehicle in an attempt to enter the secure facility. Jackson and Koch Industrires knowingly reported false information to law enforcement and internally, which was then published in a written report, with the intent to damage Moyer and retaliate against him.

20. Mr. Moyer immediately made phone calls to the local District Attorney, Mike Fields. Those calls have not yielded any additional investigatory information. Moyer wanted to discuss a false police report, conspiracy, entering false information into a federal database, and an attempt to inquire about a protection order against Mr. Charles Koch and Shon Jackson.

21. Within the report it states that Mr. Moyer was looking for a hospital in Enid, Oklahoma named Saint Mary's. Through written records it is known that Mr. Moyer was not a patient at St. Mary's (exhibit 5). According to Mr. Moyer his medical issues came about while working at Koch Industries.

22. The police report obtained by Mr, Moyer lists a vehicle having been involved in the incident reported by employees of Koch, including Jackson. The car tag is identified in the official police report as TWSTER, the vehicle is listed as being a white Hyundai, and the report identified the owner as Moyer. This vehicle is not owned by Moyer. Mr. Moyer seldom drives for medical reasons and does

not own a car. After Moyer received the false police report, Sheriff Rink was contacted and notified that the allegations in the report were false. After being notified of this, the Sheriff ran a license check and reported that the license plate comes back registered to a motorcycle and the owner is not Moyer. It was also discovered that the Sheriff's Office did not have any video.

23. In the report it states that Mr. Moyer was identified by photo ID to Koch personnel, but the report does not specify what ID was provided, nor to whom it was provided. Mr. Moyer would've had to sign in at some point and there should be video of that process as well.

24. The Enid Koch facility is a federally secured facility by regulation and planning. Some Koch facilities, including the Enid Oklahoma facility, use dangerous raw components, and byproducts to make dangerous things and things neccesary for modern society. CFATS is the nation's first federal regulatory program focused specifically on security at high-risk chemical facilities. Managed by the Cybersecurity and Infrastructure Security Agency (CISA) the program was once in the hands of the Department of Homeland Security. These programs are built through submissions and response, as a cycle of security improvement. First, and most importantly, the insinuation of somebody entering the facility illegally could very likely land somebody on a terrorist watchlist without his knowledge through submission of incidents that have occurreed at the facility and

in the local law enforcement district.

25. There are other implications as well. The suggestion from the public held report, if it were to go unchallenged, could be used at ex parte court hearings in Mr. Moyer's custody proceedings without his knowledge. With state laws changing in regards to how police handle mental health episodes, merely crying on the sidewalk in disgust with the false police report could land Mr. Moyer into a treatment facility against his will, and against his knowledge as to why.

26. On October 25th 2021, the Garfield County Sheriff's Office received a $10,000 (exhibit 6) contribution as local officials with Koch Fertilizer met with Sheriff Cory Rink, Undersheriff Ryan Fuxa and Lt. Wes Layton to present them with the donation. Shon Jackson, safety and security manager at Koch, told the local newspaper, the Enid News and Eagle in an interview documenting the donation. This is the first time Koch has contributed funds to the Sheriff's office, but in the past, Koch donated $6,000 to the Enid Fire Department and $4,000 to Enid/Garfield County Emergency Management.

27. Additional requests for information have been made in writing and verbally to Undersherrif Fuxa, the Garfield County Sherriff's Department and Garfield County Commissioners. No information has been provided willingly other than the initial written police report received by Moyer.

28. During the weeks prior to the false police report being made, Mr. Moyer

and his media outlet theokpost.com had been researching environmental protection issues of Koch Industries, Inc, and Mr. Charles Koch's funding of political campains.

29. Further investigation has been requested by Moyer to bring appropriate charges against Jackson and Koch Industries to no avail and Moyer was told by law enforcement they would not investigate because it involved Koch Industries and other local law enforcement.

## CAUSE OF ACTION FOR DEFAMATION

30. Plaintiff restates and re-alleges each and every allegation in Paragraphs 1 through 29 above as if fully set forth herein.

31. The problem stems from this, Moyer has not been to the Koch facility in Enid, OK (nor any other Koch Industries property in the country) since his last date of employment in 2016, definitely not on October 22, 2022 as reported to law enforcement by Koch Industries and Shon Jackson, and Koch Industries doesn't like him and would only communicate through registered agent regarding the issue. The report made to the Garfield County Sheriff's Office resulted in a false written report being developed and dissemintated to others. The report is public and available to any unknown number of persons who request the information, with the information being spread far and wide forever. Jackson and Koch Industries also took steps to ensure security at the Koch facility was

heightened with regards to Moyer, thus further disseminating the false information about Moyer being at the facility on October 22, 2022 to others, including painting Moyer in an extremely negative light to other persons. Koch Corporate and its employees also have the false information and Koch Industries is the named victim. Additionally, the information reported by Jackson and Koch Industries was disseminated throughout area law enforcement agencies and dispatch, resulting in other persons being told of this false incident. Moyer was specifically named in all disseminations of the information

32. On October 23, 2022 Shon Jackson and Koch Industries contacted the Garfield County, Oklahoma Sheriff's Office to make a report that Plaintiff Moyer had attempted to gain access to the secure Koch facility in Enid, Oklahoma.

33. Jackson and Moyer previously worked together at the facility in Enid, OK and is acquainted with several of Moyer's family and Moyer's former in-laws, so Jackson is familiar with Moyer and would recognize him on-sight. Jackson had also spoken with Moyer on the phone on October 20, 2022 when both Jackson and Moyer were in the State of Minnesota, Jackson working at the Koch facility in Minnesota and Moyer traveling in southern Minnesota on his way to Oklahoma for a court hearing.

34. Jackson and Koch Industries reported to law enforcement that Moyer had attempted to gain access to the secure facility in Enid, Oklahoma at

approximately 1:05 a.m. on October 22, 2022. Jackson reported Moyer was acting erratically and had told a Koch employee he was looking for St. Mary's Hospital. Jackson reported Moyer had attempted to tailgate a truck into the secure area of the facility. The report documented the vehicle information as being a white Hyundai, tag TWSTER and owned by Moyer. Defendants reported the incident was documented on video at the Koch facility, yet the video was not given to nor collected by law enforcement, nor has it been disclosed to Moyer.

35. The official report documented Moyer as owning the vehicle in question; however, it was learned that a license plate check had not been done at the time the official report was written. A later check by the Sheriff revealed the accurate information about the vehicle and that the claim of it being owned by Moyer was false as the tag came back to a motorcycle not owned by Moyer, yet Moyer was the named owner as reported to law enforcement by Jackson and Koch Industries and Moyer is the listed owner in the publication, the police report.

36. The false report has been circulated to an unknown number of individuals to include area law enforcement agencies and personnel, dispatch personnel, employees of Koch Industries both in Enid and Corporate offices, as well as the report being publicly available to anyone who requests it. The false information has also been spread by word of mouth as heightened security measures were put in place with Moyer being named and trespass notices distributed with Moyer

again being named.

37. Moyer is involved in other civil matters in Oklahoma and Georgia related to custody of his children. Persons involved in those cases have connections to Jackson, Koch Industries and law enforcement personnel who have knowledge of the defamatory statement and can easily share the information with these persons, causing great harm to Moyer, his family, and his custody cases.

38. Jackson and Koch Industries false report about Moyer was made verbally and in writing knowing the information was false and with the intent to retaliate against Moyer for attempting to get copies of his employment and exposure records from Koch Industries. Koch and Jackson, who had formerly been a law enforcement officer and now a security official for Koch Industries, knew that the report and the false information it contained would be widely disseminated and repeated.

39. Jackson and Koch Industries defamatory statements clearly identified Moyer and the statements were made in direct response to Moyer trying to get his employment and exposure records from Koch Industries.

40. Jackson and Koch Industries statements to law enforcement and others were defamatory and damaging.

41. The plain import of the statement was an attack on the character and reputation of Moyer and is reasonably understood to state that Moyer is unstable,

erratic and a security risk. Completely defaming his character and causing irreparable harm.

42. Thus, both on its face, and because of the facts and circumstances known to persons who read or heard the statement of Jackson and Koch Industries, it was apparent that Jackson and Koch meant to convey that Moyer is unstable, erratic, a security threat and can't be trusted. In later communication with Mr. Moyer, Koch stood by their factual statements in the report.

43. Jackson and Koch Industries defamatory statement was false because Moyer was not even in the State of Oklahoma on October 22, 2022.

44. Jackson and Koch Industries made the statement either knowing it was false, had serious doubts about the truth of the statement, or made the statement with reckless disregard for its truth of falsity.

45. Jackson and Koch Industries defamatory statement exposed Moyer to hatred, contempt, ridicule and shame.

46. As a result, Moyer has suffered damages and will continue to suffer damages, including but not limited to harm to his reputation, harm to his ability to access future employment, emotional harm, exposure to contempt, ridicule, and shame, damage to his ability to fight in his child custody cases, and continued concern for his safety and well-being.

47. The defamatory statements have also caused physical harm to Moyer as

his blood pressure has gotten high enough that his medication has had to be increased and he recently had a significant seizure for the first time in several months.

48. The defamatory statements have caused Moyer both emotional and economic damages. By way of example only, Moyer has had to install security measures at his home to ensure his personal safety.

49. In making the defamatory statement identified herein, Jackson and Koch Industries acted with malice, oppression or fraud and are thus responsible for punitive damages.

50. The actions will continue to cause loss of financial gain including future expenditures because any future employment in the industry or elsewhere will result in Moyer having to overcome the defamatory statements which call into question Moyer's integrity, reputation and security risk. The defamatory statements will impact Moyer's ability to be given special security clearance causing him to defend himself, if even given the opportunity to do so, for the rest of his life. Additionally, the defamatory information would also have been disseminated to federal agencies as required by law and due to the nature of falsely claimed incident, resulting in further issues for Moyer with regards to employment, travel and overall safety and well-being.

51. Moyer's damages exceed $75,000.

## PRAYER FOR RELIEF

52. Compensatory damages in an amount to be proven at trial;

53. Punitive damages;

54. Pre-Judgement and Post Judgement interest

55. Costs of suit; and

56. For such and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

57. Plaintiff demands a trial by jury on all causes so triable.

## CERTIFICATION AND CLOSING

58. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified,

will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

59. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

60. Respectfully submitted this 13th day of January, 2023.

DATED: 1-13-23

Gregory Ashley Moyer, *Pro Se*
16642 Hightop Way NW
Cass Lake, Mn 56633
gregorymoyer1@gmail.com
469-543-9957