**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Gregory Ashley Moyer,<br><br>   Plaintiff,<br><br> v.<br><br>Shon Jackson and Koch Industries, Inc.,<br><br>   Defendants. | Case No.: 0:23-cv-00138-JWB-LIB<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY DISCOVERY** |

### INTRODUCTION

Defendants respectfully ask this Court to stay all discovery in this case until after there has been a ruling on their pending motion to dismiss. The motion-to-dismiss papers make clear this Court lacks specific personal jurisdiction over Defendants Shon Jackson and Koch Industries, Inc. ("Koch Industries"). *See* ECF Doc. 8 ("MTD Opening Br.") at 7–14; ECF Doc. 39 ("MTD Reply Br.") at 2–7.[1] This case concerns alleged defamatory statements made by Jackson—an Oklahoma resident—to Oklahoma law enforcement concerning a trespass incident at a chemical facility in Oklahoma, and there are no allegations suggesting any relevant conduct was uniquely aimed at Minnesota. Defendants have also explained why the Complaint fails to state a viable claim on the merits. *See* MTD

---

[1] Defendants reserve all rights, including, but not limited to, defenses and objections as to personal jurisdiction, and the filing of this motion is subject to, and without waiver of, any such defenses and objections. Defendants explained in their motion to dismiss that, among other things, this case should be dismissed because this Court lacks personal jurisdiction over Jackson and Koch Industries. *See* MTD Opening Br. 7–14. If Judge Blackwell concludes this Court lacks personal jurisdiction over Defendants before this motion is decided, this motion should be denied as moot.

Opening Br. 16–24; MTD Reply Br. 9–13.

Although this Court has yet to enter a scheduling order, on May 17, 2023, Plaintiff served Defendants by mail with notice of three Rule 45 subpoenas duces tecum. The subpoenas purport to seek document discovery from the Chairman and CEO of a California business, the mayor of Lahoma, Oklahoma, and the Sheriff of Garfield County, Oklahoma. These subpoenas seek incredibly broad discovery that largely has no conceivable bearing on the merits of this case. Based on the broad and improper nature of theses subpoenas, as well as Plaintiff's informal and inappropriate communications with Defendants' counsel and Defendant Jackson's wife, Defendants anticipate they may receive similarly broad and improper discovery requests in the near future.

Because Defendants have moved to dismiss this case on numerous meritorious grounds—including lack of personal jurisdiction—no discovery should proceed until this Court has determined whether it has jurisdiction over this case. A temporary stay will also ensure Defendants and this Court avoid incurring unnecessary costs. And Plaintiff will suffer no prejudice from a brief discovery stay given that (1) this case is likely to be dismissed, (2) there are no pending discovery deadlines in this case, and (3) Defendants have already provided assurances that they have taken steps to preserve materials and information relevant to this case. This Court should grant Defendants' motion to stay discovery.

## BACKGROUND

Plaintiff, *pro se*, filed this defamation action against Jackson and Koch Industries on January 17, 2023. *See* ECF Doc. 1. Defendants filed a timely motion to dismiss on

February 15, 2023. *See* ECF Doc. 6. This motion raised three bases for dismissal: (1) this Court lacks personal jurisdiction over Defendants; (2) Koch Industries is wrongly named as a Defendant; and (3) the Complaint fails to plausibly allege an actionable defamation claim. *See* MTD Opening Br. 7–24. A hearing on Defendants' motion is scheduled for June 20, 2023. *See* ECF Doc. 7.[2]

On February 24, 2023, Defendants' counsel sent a letter to Plaintiff seeking agreement to stay discovery until after this Court resolves Defendants' pending motion to dismiss, explaining a stay is proper in part because Defendants have argued this Court lacks personal jurisdiction over them. *See* Decl. of Tracey Holmes Donesky ("Donesky Decl."), Ex. A. On March 3, Plaintiff responded by email stating "No We Will Not Stay Discovery," and "[f]ile what you will but no discovery will be stayed." *Id.*, Ex. B.

On May 15, 2023, Defendants' counsel sent a letter to Plaintiff reminding Plaintiff that "to the extent you wish to communicate with Koch Industries, current Koch Industries employees, or Shon Jackson, [Plaintiff] must direct those communications to [Defendants' counsel]." *Id.*, Ex. C. Plaintiff responded with a series of emails containing vile and

---

[2] After Defendants filed their motion to dismiss, Plaintiff filed two non-dispositive motions. First, Plaintiff filed a motion for an order to preserve evidence. *See* ECF Doc. 19. Defendants have explained this motion is improper because there is no evidence supporting the suggestion that Defendants have not fulfilled their obligations to preserve materials relevant to this case, and Defendants have, in fact, complied with their preservation obligations. *See generally* ECF Doc. 34. Second, Plaintiff filed a motion to strike the video exhibit that Defendants submitted with their motion to dismiss. *See* ECF Docs. 23, 25. Defendants have explained the video exhibit was properly submitted via sworn declaration because the Complaint contains multiple references to the video, and Plaintiff's motion did not (and could not) mount a reasonable challenge to the video's authenticity. *See generally* ECF Doc. 35.

threatening language, including telling Defendants' counsel to "[g]o to hell," to "shut the fuck up," and to "[t]ake the letter you wrote me turn around and shove it up your c[**]t." *Id.*, Ex. D at 1–5.[3]  Plaintiff also asked informally that Defendants "provide the contract with C3 AI," "hold the database on Amazon and Koch Networks," "provide funding amounts to members of Constitutional Sheriffs Association," "provide the algorithm connecting to Garfield County Emergency Management, any other government agency, the Bolo distribution and those associated codes," and "provide sign in sheets from Enid and Minneapolis." *Id.* at 8.

On May 17, 2023, Plaintiff served Defendants with notice of three Rule 45 subpoenas duces tecum, to purportedly be served on Thomas M. Seibel (the Chairman and CEO of C3 AI, a California business), Lila Logan-Jansonius (the mayor of Lahoma, Oklahoma), and Cory Rink (Sheriff of Garfield County, Oklahoma).  *See generally id.*, Ex. E.  The subpoena to Mr. Seibel requests production of (1) "All contracts with Koch Industries to include Koch Fertilizer in Enid, OK"; and (2) "All documents related to contracts with Koch Industries including Koch Fertilizer in Enid, OK." *Id.* at 5.  C3 AI is not mentioned in the Complaint, and has no connection to the claims in this case.  The subpoena to Mayor Logan-Jansonius requests eight categories of documents, including:

---

[3] In light of these communications, Defendants have filed a separate motion with this Court requesting an order that (1) prohibits Plaintiff from sending additional lewd, hostile, or threatening communications to Defendants' counsel; (2) requires Plaintiff to show cause as to why appropriate sanctions should not be imposed as a consequence of this conduct; and (3) appoints an attorney to represent Plaintiff, and through whom any and all communications from Plaintiff to the Court, Defendants, or Defendants' counsel must be filtered.

(1) "All Facebook communications . . . between Officer Hankins and officers from Garfield County Sheriff's Office" between October 2022 and April 2023; (2) "All Facebook and Facebook Messenger posts/activity of Officer Hankins from October 2022 – April 2023"; and (3) "All MAC past and current addresses for City of Lahoma Police Department personnel." *Id.* at 7. And the subpoena to Sheriff Rink requests fourteen categories (and seventeen subcategories) of documents and information, including: (1) "A list of all professional, public, and private organizations in which membership dues have been paid by the County for Garfield County Sheriff's Office Employees for the last 10 years"; (2) "A list of all persons, organizations, business, and other entities that have provided donations to the Garfield County Sheriff's Office in the last 10 years"; (3) "Names and addresses of any persons speaking with Koch Industries on behalf of Garfield County of Lahoma Police . . ."; (4) a "[c]opy of the ethics policy of Garfield County Sheriff's Office, 2022 version"; (5) employments records "for Shon Jackson from 2005-2022"; and (6) "All documents related to any warrants applied for whether approved or denied . . . ." *Id.* at 9–10. Plaintiff has demanded that Mr. Seibel, Mayor Logan-Jansonius, and Sheriff Rink respond to these subpoenas by June 8. *See id.* at 5–6, 8.

And on May 19, 2023, Plaintiff called Defendant Jackson's wife's work phone number and left a voicemail asking if she would be interested in testifying against Jackson, and informing her that Plaintiff wished to take her deposition. *See* Donesky Decl. ¶ 8.

# ARGUMENT

**I. This Court should stay all discovery in this case until there has been a ruling on Defendants' motion to dismiss.**

This Court has "inherent authority to issue a stay under a variety of circumstances," and has "broad discretion to stay proceedings when appropriate to control its docket." *ASI, Inc. v. Aquawood, LLC*, 2020 WL 13519442, at *3 (D. Minn. Jan. 6, 2020) (cleaned up). This discretion includes the authority to stay discovery "for good cause," and "good cause" includes "protect[ing] a party or person from . . . undue burden or expense." Fed. R. Civ. P. 26(c). "When determining whether a stay is appropriate pending resolution of a motion to dismiss in a particular case, federal courts have considered various factors, including (1) whether the movant has shown a likelihood of success on the merits of the dispositive motion; (2) hardship or inequity to the moving party if the matter is not stayed; (3) prejudice to the non-moving party if the matter is stayed; and (4) the conservation of judicial resources." *Danger v. Nextep Funding, LLC*, 2019 WL 4917181, at *2 (D. Minn. Jan. 22, 2019); *accord Dufrene v. ConAgra Foods, Inc.*, 2016 WL 10651947, at *2 (D. Minn. Apr. 7, 2016). Here, each factor supports staying all party and third-party discovery pending a ruling on Defendants' motion to dismiss.

**A. Defendants' motion to dismiss will likely be granted.**

"In determining whether a movant seeking a stay has shown a likelihood of success on the merits, a court must take a 'peek' into the merits of the pending dispositive motion." *Danger*, 2019 WL 4917181, at *3; *accord Dufrene*, 2016 WL 10651947, at *3. This factor favors a stay where the pending dispositive motion "is based on substantial grounds and is

not unfounded in law." *In re CenturyLink Sales Pracs. & Secs. Litig.*, 2018 WL 2122869, at *2 (D. Minn. May 8, 2018); *see also, e.g.*, *Maxim Defense Indus., LLC v. Kunsky*, 2019 WL 5893141, at *6 (D. Minn. Sept. 25, 2019) (concluding stay warranted where "resolution of Defendants' Motion to Dismiss can quite likely result in the simplification of this litigation"). Here, Defendants' motion to dismiss presents two compelling and independent bases for complete dismissal of this case.

***First***, this Court lacks personal jurisdiction over Jackson and Koch Industries. *See* MTD Opening Br. 7–14; MTD Reply Br. 2–7. Jackson is an Oklahoma resident with virtually no Minnesota connection, and his allegedly defamatory communications were made while he was in Oklahoma, regarding an incident at a non-party's chemical facility in Oklahoma, to individuals at that Oklahoma facility and to Oklahoma law enforcement. The at-issue communications are Oklahoma communications directly at Oklahoma, and there are no plausible allegations suggesting any relevant conduct was uniquely aimed at Minnesota. The only connection between this case and Minnesota is that Plaintiff is a Minnesota resident, and courts have uniformly held such a connection is insufficient to establish specific personal jurisdiction. *E.g.*, *Walden v. Fiore*, 571 U.S. 277, 285 (2014); *Calder v. Jones*, 465 U.S. 783, 789–90 (1984); *Johnson v. Arden*, 614 F.3d 785, 796–97 (8th Cir. 2010); *Bruntjen v. Van Exel*, 506 F. Supp. 3d 673, 682–83 (D. Minn. 2020); *ASI, Inc. v. Aquawood, LLC*, 2020 WL 5913578, at *6 (D. Minn. Oct. 6, 2020); *Higgins v. Save Our Heroes*, 2018 WL 2208319, at *1, *3 (D. Minn. May 14, 2018); *NexGen HBM, Inc. v. ListReports, Inc.*, 2017 WL 4040808, at *7, *14 (D. Minn. Sept. 12, 2017); *Wood v.*

*Kapustin*, 992 F. Supp. 2d 942, 946 (D. Minn. 2014); *Toro Co. v. Advanced Sensor Tech., Inc.*, 2008 WL 2564336, at *3–4 (D. Minn. June 25, 2008).

***Second***, the Complaint does not plausibly allege any actionable defamatory communications. It is beyond dispute that the alleged defamatory communications—a report of suspected criminal activity to law enforcement and internal communication(s) regarding the safety of the chemical facility—are entitled to a qualified privilege. *See* MTD Opening Br. 17–20; MTD Reply Br. 9–10 & n.6. It is also beyond dispute that where a communication is entitled to a qualified privilege, a complaint should be dismissed unless it plausibly alleges the defendants acted with actual malice. *See* MTD Opening Br. 20–21 & n.13; ECF Doc. 30 at 10–11; MTD Reply Br. 11. The Complaint fails to plausibly allege actual malice because it offers nothing more than conclusory allegations that the alleged defamatory communications were "false"—it contains no ***facts*** plausibly alleging the purported falsity resulted from improper motive or wanton conduct. *See* MTD Opening Br. 21–23; MTD Reply Br. 10–13. Instead, giving the Complaint as liberal a reading as possible and accepting the allegations as true for purposes of Rule 12, all that is plausibly suggested is a good-faith case of mistaken identity, which is an obvious alternative explanation for the Complaint's allegations and renders Plaintiff's "actual malice" theory invalid as a matter of law. *See* MTD Opening Br. 23–24; MTD Reply Br. 12.[4]

---

[4] Defendants' motion to dismiss advanced a third compelling basis for dismissing the Complaint's claim against Koch Industries—Koch Industries is not properly named as a defendant. The face of the Complaint and its attachments make clear Koch Industries was not "involved" in the allegations, as Jackson is employed by Koch Fertilizer Enid, LLC ("Koch Fertilizer Enid") and the trespass incident occurred at Koch Fertilizer Enid's—not

\* \* \*

Defendants' motion to dismiss is well-grounded and advances multiple compelling bases to dismiss the Complaint in its entirety. Under such circumstances, a stay of discovery is warranted. *E.g.*, *In re CenturyLink Sales Prac. & Secs. Litig.*, 2018 WL 2122869, at \*1 (D. Minn. May 8, 2018) ("When a pending motion to dismiss would dispose of all or substantially all of the case, it appears to have substantial grounds, and is not unfounded in the law, courts have stayed discovery during the pendency of the motion." (cleaned up)).

### B. Defendants will suffer hardship if discovery is not stayed.

The actual and likely breadth of Plaintiff's desired discovery also favors a stay. The third-party subpoenas confirm Plaintiff is taking an extremely broad and improper approach to discovery, seeking myriad documents and information that has no relevance to the claims in this case. *See generally* Donesky Decl., Ex. E. Plaintiff's informal communications to Defendants' counsel indicate Plaintiff will take an equally broad and improper approach to party discovery, and Plaintiff has already improperly contacted Defendant Jackson's wife directly to discuss taking her deposition. *See id.*, Ex. D at 8; *id.* ¶ 8. Moreover, the tenor of Plaintiff's recent communications with Defendants' counsel, *supra* pp. 3–4, makes clear that any disputes relating to Plaintiff's discovery requests are likely to be prolonged, challenging, and costly for both Defendants and this Court. Taken together, Plaintiff's conduct in this case makes clear that any discovery, and disputes

---

Koch Industries'—secure chemical facility. *See* MTD Opening Br. 14–16; MTD Reply Br. 7–9.

related thereto, will impose substantial burdens on Defendants, third parties, and this Court. *E.g.*, *Danger*, 2019 WL 4917181, at *4 ("Generally . . . [courts] disfavor the proliferation of litigation costs associated with potentially unnecessary litigations."); *see also Nexstar Broad., Inc. v. Granite Broad. Corp.*, 2011 WL 4345432, at *3 (N.D. Ind. Sept. 15, 2011) ("If [a] case is susceptible to burdensome and costly discovery, the district court should limit discovery once a motion to dismiss for failure to state a claim has been filed."); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (staying discovery to "avoid the need for costly and time-consuming discovery"). Moreover, if this case is dismissed for lack of personal jurisdiction—as it should be—any costs incurred conducting and responding to discovery before that dismissal will have been wasted. *Infra* pp. 11–12; *see also, e.g.*, *ASI, Inc.*, 2020 WL 13519442, at *6 (staying discovery where defendant brought motion to dismiss for lack of personal jurisdiction because "[o]versight of the parties' discovery should be left to a court properly exercising jurisdiction").

### C. A stay will not prejudice Plaintiff.

Critically, a stay will not prejudice Plaintiff. A stay will be "relatively finite in duration"—as Defendants' motion to dismiss has been fully briefed and a hearing is scheduled for June 20, *see* ECF Doc. 7—and the parties "are all aware of their obligations to preserve evidence." *ASI, Inc.*, 2020 WL 13519442, at *6; *see also Danger*, 2019 WL 4917181, at *4 (concluding factor favored stay where "any stay is likely to be relatively short" and the discovery period may "account for any time lost due to a limited stay"); ECF

Doc. 34 at 1 (affirming Defendants have "already taken necessary steps to preserve information and materials relevant to the complaint's allegations").

### D. A stay will conserve judicial resources.

A stay will also conserve this Court's resources. In considering this factor, courts examine "the breadth of any pending discovery and whether the pending dispositive motion has the potential to resolve the litigation." *Danger*, 2019 WL 4917181, at *4. Where a pending motion to dismiss "would dispose of the entirety of the . . . case," this factor favors a stay because the pending motion "has the potential to resolve all of the issues to which [any] currently pending discovery is relevant." *Id.*; *see also Dufrene*, 2016 WL 10651947, at *4 (granting motion to stay discovery where "the pending motion to dismiss, on which Defendant has demonstrated a likelihood of success on the merits, has the potential to resolve all of the issues to which the currently pending discovery is relevant").

This factor especially favors a stay where a pending dispositive motion raises a jurisdictional challenge. For example, in *ASI, Inc.*, the court *sua sponte* stayed discovery where "Defendants not only challenge[d] the sufficiency of the Complaint, but also challenge[d] whether this Court has personal jurisdiction over them." 2020 WL 13519442, at *6. In such circumstances, the court explained, "a stay is appropriate until a final determination as to jurisdiction can be made." *Id.* The reason for this is simple: "[o]versight of the parties' discovery should be left to a court properly exercising jurisdiction." *Id.* Likewise, in *NextGen HBM, Inc. v. List Report, Inc.*, a court in this District explained a stay of discovery was appropriate where a personal-jurisdiction challenge is raised because "the judgment of a court lacking jurisdiction is void." 2017

WL 8229442, at *3 (D. Minn. Feb. 9, 2017). And in *Steinbuch v. Cutler*, the Eighth Circuit affirmed a district court's stay of discovery where plaintiff "offered only speculative and conclusory assertions" in opposition to a motion to dismiss for lack of personal jurisdiction. 518 F.3d 580, 590 (8th Cir. 2008); *see also, e.g.*, *Danger*, 2019 WL 4917181, at *4–5 (concluding factor favored stay where pending motion to dismiss argued that the court "lacks the subject matter jurisdiction to adjudicate [plaintiff's] claims").[5] Because this Court lacks specific personal jurisdiction over Defendants, discovery should not proceed in this jurisdiction.

\*   \*   \*

Simply put, "[t]he burden and expense" of Defendants and third parties potentially engaging in "wide-ranging fact discovery prior to the disposition of" Defendants' motion to dismiss for lack of personal jurisdiction and failure to state a claim, "coupled with judicial economy and the . . . merits of [Defendants'] motions," outweigh "any theoretical harm to [Plaintiff] in delaying . . . discovery." *Hari v. Smith*, 2022 WL 336831, at *4 (D. Minn. Feb. 4, 2022). This Court should stay all party and third-party discovery until it has resolved Defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to stay discovery pending a ruling on their motion to dismiss.

---

[5] To be sure "[a] stay of discovery while motions to dismiss are pending is by no means automatic," but this District has explained "the cases denying a stay more typically . . . involve motions to dismiss under Rule 12(b)(6), not motions to dismiss for lack of personal jurisdiction." *ASI, Inc.*, 2020 WL 13519442, at *6.

Dated: May 22, 2023

*/s/ Todd A. Noteboom*
Todd A. Noteboom (#240047)
Tracey Holmes Donesky (#0302727)
Andrew P. Leiendecker (#0399107)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
todd.noteboom@stinson.com
tracey.donesky@stinson.com
andrew.leiendecker@stinson.com

***Attorneys for Defendants***