Gregory Moyer, Pro Se

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Gregory Ashley Moyer,

                Plaintiff,

Vs.

MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS MOTION TO STAY DISCOVERY

Case No. 0:23-cv-00138-JWB-LIB



Shon Jackson KAES Security Compliance Safety and Security Manager and Koch Industries, Inc.



                Defendant(s).

Plaintiff, proceeding pro se, hereby respectfully submits the following in response to Defendants' Motion to Stay Discovery:

1. The Plaintiff opposes staying any discovery and asks the Court to deny Defendants' Motion.

2. The Plaintiff is extremely concerned that evidence will not be preserved given the actions of the parties and others which led to this lawsuit. Plaintiff has filed a Motion to Preserve Evidence, but that motion has not yet been ruled on by the Court. Given the concerns about destruction of evidence, particularly evidence in the control of non-

parties, it is essential that discovery, particularly for production of documents, be allowed to move forward to ensure evidence is not lost.

3. The only evidence Plaintiff has been able to obtain to date is the false police report distributed by law enforcement which precipitated this case along with the fraudulent video submitted to the court by Defendants. There is significant evidence in the hands of 3rd parties, including additional video, reports, investigative materials, etc. Plaintiff is simply trying to get necessary and crucial evidence from third parties before such information is lost.

4. Prior to this action, Plaintiff attempted to get his exposure, personnel and other records from Defendants for years and was denied at every turn. Clearly this pattern is continuing in this case with defense doing everything possible to prevent Plaintiff from gathering information and bring forth the truth.

5. The Federal Rules provide that the scope of discovery, unless otherwise limited by the court, is the following: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." (Rule 26(b)(1).) For "good cause," the district court may permit discovery "of any matter relevant to the subject matter involved in the action." (Rule 26(b)(1).)

Gregory Moyer, Pro Se

6. The Defendants claim the Plaintiff is seeking information that is overly broad and irrelevant to the case at hand. It is not for the Defendants to determine what is and what is not discoverable nor who that information may be obtained from. The purpose of discovery is to get to the truth. Unfortunately, the truth is often hidden and must be uncovered through investigation. Plaintiff contends the discovery being sought is either directly relevant to the case at hand and/or is information that will lead to the discovery of relevant evidence, thus the acquisition of the information is appropriate.

7. Defendants' state in the Motion to Stay Discovery that they "anticipate they may receive similarly broad and improper discovery requests in the near future." (ECF Doc. 45 at p. 2). Defendants are using this assumption as grounds for granting the motion to stay. The Plaintiff has not made such a request of the parties. Furthermore, the requests made to third parties are appropriate, not overly burdensome and broad. The information being sought is critical to showing the malicious intent of the Defendants and to gather relevant evidence to ensure that the Court sees the truth about what transpired.

8. There is no undue burden on the Defense with regards to not staying discovery. The requests that have been currently made are to third parties, not the defendants. The defense claims that "Plaintiff's conduct in this case makes clear that any discovery, and disputes related thereto, will impose substantial burdens on Defendants, third parties and this Court." (ECF Doc. 45 at p. 2-3). The defenses' presumptuous claims are meritless and without actual support.

Gregory Moyer, Pro Se

9. The Defendants' claims that the case is likely to be dismissed is also presumptuous. It is up to the Court to examine the law, listen to the arguments of the parties and make a ruling. There has been no such ruling in this case and to essentially tell the Court what the decision is going to be and then rely on that assumption is inappropriate.

10. Despite the claims of the Defendants, a stay of discovery will prejudice Plaintiff. The defense claims they have taken steps to ensure materials and information relevant to this case are preserved. The Defense has no control over third parties and cannot in any way say that the information being sought has been secured. The more time that goes by, the more likely information and documents will be "lost." Again, it is not up to the Defense to determine what is and is not relevant and they cannot ensure the information being sought is not tampered with, destroyed, or simply lost. Plaintiff is entitled to gather information necessary for his case and the defense is attempting to prevent him from getting that information.

11. Defense has also taken issue with Plaintiff reaching out to Defendant Jackson's wife. Defendant Jackson's wife is not represented and is a potential witness. The contact was not an attempt to harass, it was merely letting a potential witness know that testimony may be required from that individual in the pending litigation.

12. Finally, Plaintiff has brain lesions which cause seizure, memory loss, problems with concentration and other symptoms. It is imperative that Plaintiff be allowed to gather necessary information as quickly as possible.

13. WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order denying Defendants' Motion to Stay Discovery in its entirety.

Gregory Moyer, Pro Se

Signed this 31 day of May, 2023.

Signature of Plaintiff

_____
Gregory Moyer, Plaintiff, Pro Se
16642 Hightop Way NW
Cass Lake, MN 56633
Gregorymoyer1@gmail.com
469-543-9957

Gregory Moyer, Pro Se

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Memorandum complies with the limits in L.R.7.1(f) and with the type-size limit of LR 7.1(h).  The Memorandum consists of 942 words.

Signed this 31 day of May, 2023

Signature of Plaintiff

Gregory Moyer, Plaintiff, Pro Se
16642 Hightop Way NW
Cass Lake, MN 56633
Gregorymoyer1@gmail.com
469-543-9957