Gregory Moyer, Pro Se

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Gregory Ashley Moyer,

               Plaintiff,

Vs.

MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS MOTION FOR MISCELLANEOUS RELIEF

Case No. 0:23-cv-00138-JWB-LIB

Shon Jackson KAES Security Compliance Safety and Security Manager and Koch Industries, Inc.

               Defendant(s).

**RECEIVED**
JUN 01 2023
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

Plaintiff, proceeding pro se, hereby respectfully submits the following in response to Defendants' Motion for Miscellaneous Relief:

1. The Plaintiff opposes the Defendant's Motion for Miscellaneous Relief.

2. The Plaintiff acknowledges multiple communications with defense counsel, but refutes that the communications have been an attempt to harass or threaten.

3. The Plaintiff's purpose in sending emails with attached documents and video was to ensure Defense counsel was receiving information that was related to the case and to show the maliciousness of the defendants.



1

4. Plaintiff attempted to have defense counsel meet and confer to discuss the fraudulent video and defense counsel would not meet. Defense counsel then submitted the fraudulent video to the court with their Motion to Dismiss. Clearly defense counsel does not wish to work with Plaintiff to ensure evidence presented to the court is proper authentic and accurate.

5. The Plaintiff is angry and the actions of the defendants have caused great harm to Plaintiff. The tone of the communications from defense counsel has been condescending and counsel has treated Plaintiff as if he is stupid.

6. Plaintiff is contemplating additional civil action and has attempted to gain information as to whether or not current defense counsel would be representing Defendants in future cases and to what extent.

7. Defendant Jackson's wife is not a party to this case nor is she an employee of Koch Industries, thus she is not represented by defense counsel. Attempts to contact her were not made to harass, rather the communication was to notify her that she may be called as a witness and to determine whether or not she would be cooperative. The communication was not disrespectful nor threatening.

8. The communication of Plaintiff to defense counsel did not threaten any harm and were written out of frustration and anger as Plaintiff has been blocked from obtaining information at every turn and Plaintiff believes the defendants and third parties are hiding and potentially destroying relevant discovery and will do anything to prevent the truth from being heard by the court. While the language used may have been offensive to defense counsel, it has no bearing on the issues before this court. The defendants

and counsel have tried to mislead the Court by filing a fraudulent video and Plaintiff is seeking justice from the Court and making all attempts to ensure the truth is presented.

9. The Defendant's are continuing their attack of Plaintiff's character with this motion. Plaintiff has many recorded phone call with Defendants, Koch and Jackson, showing he is nice and cordial even when he has been denied exposure records, his personnel file, and other records in the hands of Koch over and over and over. The failure to deliver the records which have been requested by Plaintiff dating back as early as 2015 has resulted in great harm in a family law matter and in Plaintiff being unable to get a thorough medical diagnosis from his doctors. These calls must be allowed as evidence in open court and be heard by the Court.

10. The present case is one of slander/libel/assault/defamation by the Defendants who have used the government to create a never-ending narrative that has caused great harm to Plaintiff and the only option Plaintiff has had to try to stop this was by filing this action and incurring great expense in fighting the wrongs of the Defendants. Defendants have done nothing to satisfy or right the wrongs that have been done.

11. Furthermore, defense counsel has stated in prior communications related to meet and confer and other disagreements, including their argument to Rule 6, that the court is not the place to handle personal squabbles. The communications between the parties are personal squabbles that should be handled outside the courtroom, not wasting the Court's time and resources.

12. Plaintiff has been respectful in all filings and communications with the Court and will continue to do so.

13. The Plaintiff suffers from brain lesions which cause seizures, memory loss, attention problems and other symptoms and he is doing the best that he can to abide by the Court's rules and to ensure that the truth in this case comes to light. Defense counsel has been condescending and has treated me as if I am stupid. I am not. I am standing up for myself and it is imperative that the defendants be held accountable for their malicious actions towards me.

14. I respect this Court and will continue to do so, but I will also advocate for myself and what is right.

15. The actions of the Plaintiff do not in any way warrant sanctions and definitely do not warrant dismissal. The Plaintiff is seeking justice and is doing so under the legalities of the court system. The Plaintiff is not able to hire counsel and is therefore left to fight for himself, which is what he is doing.

16. The Plaintiff assures the Court that he will follow any and all Orders of the Court.

17. WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order denying Defendants' Motion to For Miscellaneous Sanctions.

Signed this 31st day of May, 2023.

Signature of Plaintiff

_____
Gregory Moyer, Plaintiff, Pro Se
16642 Hightop Way NW
Cass Lake, MN 56633
Gregorymoyer1@gmail.com
469-543-9957

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Memorandum complies with the limits in L.R.7.1(f) and with the type-size limit of LR 7.1(h). The Memorandum consists of 872 words.

Signed this _31_ day of _May_, 20_23_

Signature of Plaintiff

_Grey Moyer_
Gregory Moyer, Plaintiff, Pro Se
16642 Hightop Way NW
Cass Lake, MN 56633
Gregorymoyer1@gmail.com
469-543-9957