UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gregory Ashley Moyer,

          Plaintiff,

v.

Shon Jackson, et al.,

          Defendants.

Case No. 23-cv-138 (JWB/LIB)

**ORDER**

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636 and upon Defendants' Motion to Stay Discovery. [Docket No. 43]. Following a Motions Hearing, the Court took Defendants' Motion under advisement. (Minutes [Docket No. 66]).[1]

**I.    Background**

Plaintiff, proceeding pro se, initiated this action on January 17, 2023, by filing his Complaint. [Docket No. 1]. Plaintiff's Complaint names two defendants: Shon Jackson and Koch Industries. On the basis of the allegations in his Complaint, Plaintiff raises a single claim of defamation alleging that Defendants made a false report involving him to the Garfield County Sheriff's Office. (See Compl. [Docket No. 1]).

In response to Plaintiff's Complaint, Defendants filed a Motion to Dismiss, [Docket No. 6], on February 15, 2023. In support of their Motion to Dismiss, Defendants argue that this Court lacks personal jurisdiction over either Defendant. (Defs.' Mot. [Docket No. 6]; Defs.' Mem. [Docket No. 8]). In the alternative, Defendants argue that Plaintiff's Complaint fails to state a claim upon which relief may be granted. (See Defs.' Mem. [Docket No. 8]).

---

[1] The Court will address the parties' other Motions in a separate Order and Report and Recommendation.

On May 22, 2023, Defendants filed a Motion to Stay Discovery. [Docket No. 43]. In their Motion to Stay Discovery, Defendants assert that on May 17, 2023, Plaintiff purported to serve Defendants by mail with three Rule 45 subpoenas duces tecum seeking the production of documents from third parties. (Defs.' Mem. [Docket No. 45]). Defendants argue that because their Motion to Dismiss is based on the argument that this Court lacks personal jurisdiction over Defendants, discovery in the present case should not proceed until the Court has resolved this jurisdictional issue. (Id.).

**II.     Analysis**

The discovery period has not yet commenced in the present case. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the discovery phase in a civil action, such as this action, does not commence until after the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"). Because the Court has not yet issued a Rule 16 pretrial scheduling notice instructing the parties to participate in a Rule 26(f) conference, no Rule 26(f) conference has taken place, and consequently, the discovery period in the present case has not yet commenced. Accordingly, no party is yet permitted to seek discovery from any source.

The question remains as to when the Court should issue a Rule 16 pretrial scheduling notice instructing the parties to participate in a Rule 26(f) conference. Through there present Motion, Defendants asks this Court to delay the issuance of such an Order until after the Court has resolved the jurisdictional issues raised in their Motion to Dismiss.

Federal Rule of Civil Procedure 26(c) provides that a district court may stay discovery upon a showing of good cause. Fed. R. Civ. P. 26(c); TE Connectivity Networks Inc. v. All Systems Broadband, Inc., No. 13-cv-1356 (ADM/FLN), 2013 WL 4487505, at *1 (D. Minn. Aug.

20, 2013). Additionally, "a federal court has the inherent power to stay the proceedings of an action, 'so as to control [its] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [it]." Danger v. Nextep Funding, LLC, No. 18-cv-567 (SRN/LIB), 2019 WL 4917181, at *2 (D. Minn. Jan. 22, 2019) (alterations in Danger) (quoting Kemp v. Tyson Seafood Group, Inc., 19 F. Supp. 2d 961, 964 (D. Minn. 1998)). In deciding whether to stay discovery, the courts maintain broad discretion. See, e.g., Clinton v. Jones, 520 U.S. 681, 706 (1997). In exercising this discretionary authority, however, a court should do so in the manner necessary "to secure the just, speedy, and inexpensive determination of" the case pending before the court. See Fed. R. Civ. P. 1.

In the present case, Defendants ask this Court to stay discovery until the Court has issued a final decision on Defendants' pending Motion to Dismiss. The mere filing of a motion to dismiss alone does not constitute the requisite good cause to stay discovery. But where a motion to dismiss has the potential to dispose of an entire case, a stay of discovery may be appropriate. TE Connectivity Networks, 2013 WL 4487505, at *2; Villalobos v. United States, No. 21-cv-2233 (NEB/JFD), 2022 WL 2452278, at *2 (D. Minn. July 6, 2022). This is especially true of cases in which the pending motion to dismiss contains a nonfrivolous challenge to the court's jurisdictional authority, whether it be personal jurisdiction or subject matter jurisdiction. See, e.g., NextGen HBM, Inc. v. ListReport, Inc., No. 16-cv-3143 (SRN/FLN), 2017 WL 8229442, at *2 (D. Minn. Feb. 9, 2017) (collecting cases); ASI, Inc. v. Aquawood, LLC, No. 19-cv-0763 (JRT/HB), 2020 WL 13519442, at *6 (D. Minn. Jan. 6, 2020) (collecting cases); Sallie v. Spanish Basketball, No. 12-cv-01095 (REB/KMT), 2013 WL 5253028, at *2 (D. Colo. Sept. 17, 2013) (collecting cases); First Am. Mortg., Inc. v. First Home Builders of Fla., No. 10-cv-00824 (REB/MEH), 2011 WL 1482942, at *2 (D. Colo. Apr. 19, 2011); see also Steinbuch v. Cutler, 518 F.3d 580, 590 (8th Cir.

2008) (affirming a stay of discovery because Plaintiff could not make a prima facie showing of personal jurisdiction). Although a motion challenging personal jurisdiction does not mandate a stay of discovery, courts have recognized that a pending motion challenging a court's authority to exercise personal jurisdiction over a defendant "strongly favors a stay" of discovery pending the court's resolution of the jurisdictional issue. Int'l Markets Live, Inc. v. Profit Connect, No. 18-cv-2442, 2019 WL 8161569, at *1 (D. Nev. May 20, 2019).

With these considerations in mind and based on the totality of the circumstances in the present case, the Court finds that Defendants have demonstrated the requisite good cause to warrant the issuance of an Order staying discovery in this case pending the Court's final resolution of Defendants' Motion to Dismiss. As discussed above, Defendants' Motion to Dismiss challenges this Court's authority to exercise personal jurisdiction over the Defendants. If this Court were to permit the parties to engage in discovery and the Court subsequently determined that it lacked personal jurisdiction over Defendants, then the Court's hypothetical pretrial scheduling order and any decision the Court reached on any potential discovery dispute between the parties has the risk of being rendered void. See Burnham v. Superior Ct. of California, 495 U.S. 604, 608–09 (1990). Such an outcome would be a waste of not only the Court's resources but also the resources of the parties.

As alluded to above, Defendants' challenge to this Court's jurisdiction authority strongly favors a stay pending the resolution of the jurisdictional issue. The Court cannot say that a preliminary review of Defendants' Motion to Dismiss finds it so frivolous or lacking in merit as to militate this strongly favored stay of discovery in the present action.

The Court is cognizant of Plaintiff's desire to proceed with his claims and his wish that this action not be delayed. Plaintiff will not, however, be unduly prejudiced by this temporary stay of

discovery in the present case. The undersigned has already taken Defendants' Motion to Dismiss under advisement, and the stay of discovery in the present case is only until the Court issues its final decision on Defendants' Motion to Dismiss. This is not an indefinite stay.[2] The stay of discovery in the present case does not mean that Plaintiff will never have the opportunity to seek discovery on the claims at issue in the present case; instead, the stay ensures that when Plaintiff seeks discovery on his claims, he is able to do so in a Court with proper jurisdictional authority—whether that be this Court or another.

### III. Conclusion

Therefore, based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendants' Motion to Stay Discovery, [Docket No. 43], is **GRANTED**, as set forth herein;
2. Discovery in the present action is stayed pending the Court's issuance of a final decision on Defendants' Motion to Dismiss; and
3. During this stay of discovery, no party may seek formal or informal discovery from any party or third party.

Dated: June 16, 2023                                              s/Leo I. Brisbois
                                                                  Hon. Leo I. Brisbois
                                                                  U.S. MAGISTRATE JUDGE

---

[2] Following the Court's final resolution of Defendants' Motion to Dismiss, the Court will, if necessary, issue a pretrial scheduling order to govern discovery in the present case.